# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CLAUDETTE PEEVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-111 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Claudette Peevy brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On March 18, 2009, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 22.) Peevy filed a motion (Docket # 25) and a supplemental motion (Docket # 30) to recover attorney fees in the amount of $4,761.30 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner, however, opposes Peevy's fee request, arguing that its litigation position was "substantially justified." (Docket # 28.)

For the reasons set forth herein, Peevy's motions will be GRANTED.

## I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724 (citation omitted). Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In response to Peevy's request for fees, the Commissioner asserts that it was substantially justified in defending the ALJ's final decision and, consequently, that Peevy's fee request should be denied. Ultimately, the Commissioner's assertions lack merit.

The Commissioner defended three arguments advanced by Peevy in her appeal.

Specifically, Peevy argued that the ALJ: (1) improperly evaluated the credibility of her testimony concerning her symptoms; (2) erred by concluding that she was not disabled under the failure-to-follow-treatment regulation; and (3) did not properly consider the opinions of Dr. Bundza, a consulting psychiatrist; Dr. Tallon, her treating family practitioner; and Ms. Stouder, her treating mental health therapist. (Opening Br. of Pl. in Social Security Appeal Pursuant to L.R. 7.3 11-17.)

As to credibility, the ALJ listed Peevy's noncompliance with her medication regime as a reason for discounting her credibility, yet he failed to first explore the reasons for her noncompliance. In doing so, the ALJ "contravened longstanding . . . judicial precedent". *Stewart*, 561 F.3d at 684 (finding that the Commissioner was not substantially justified in defending the ALJ's decision where the ALJ contravened longstanding agency regulations and judicial precedent in determining the claimant's residual functional capacity and in formulating the hypothetical given to the vocational expert). On that score, Social Security Ruling 96-7p provides that an ALJ must not draw any inferences about an individual's symptoms and their functional effects from a failure to comply with treatment without first considering any explanations that the individual may provide or other information in the case record that may explain the failure. *See Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003) ("In evaluating the credibility of the statements supporting a Social Security application, we have noted that an ALJ must comply with the requirements of Social Security Ruling 96-7p."); *see also Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) (emphasizing that the ALJ must not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care); *see generally* 20 C.F.R. § 402.35; *Prince*

3

*v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991) (stating that Social Security rulings are binding on all components of the Social Security Administration).

Admittedly, the ALJ did provide several other reasons to discredit Peevy – that is, the fact that she was performing some basic self-care activities by 2004, attended a vocational school for several months in 2004 and 2005, and that Dr. Tallon stated in 2004 that she could perform some type of physical work and was not feeling as depressed or anxious. (Tr. 21-22.) Nevertheless, these reasons did not assuage the Court's concern that the ALJ heavily relied upon Peevy's failure to comply with treatment to reach his conclusion about Peevy's credibility, as he penned *an entire paragraph* in his decision about her noncompliance. (Order 15; Tr. 21.)

Furthermore, as the Court observed in a footnote in the Order, the ALJ was unclear whether he discussed Peevy's noncompliance merely to discount her credibility or whether he also relied upon the failure-to-follow-treatment regulation, 20 C.F.R. §§ 404.1530 and 416.930, in determining that Peevy was not disabled. First of all, longstanding judicial precedent requires the ALJ "to articulate in a rational manner the reasons for his assessment"; that is, the ALJ "must connect the evidence to the conclusion through an accurate and logical bridge." *Stewart*, 561 F.3d at 684 (internal quotation marks and citation omitted); *see, e. Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000). And, if the ALJ intended to follow the failure-to-follow-treatment regulation, he also violated Social Security Ruling 82-59, which requires that the claimant "be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment." *See generally* 20 C.F.R § 402.35; *Prince*, 933 F.2d at 602. Therefore, the Commissioner was not substantially justified in defending the ALJ's violation.

The Commissioner's defense of the ALJ's consideration of the opinions of Dr. Bundza, a consulting psychiatrist; Ms. Stouder, a treating mental health therapist; and Dr. Tallon, a treating family practitioner, however, was more reasonable. In his decision the ALJ discussed the opinions of Dr. Bundza, Ms. Stouder, and Dr. Tallon in detail, penning four paragraphs on this evidence. (Tr. 20-21.) Yet, the Court observed that the ALJ may have discounted Dr. Bundza's opinion because it was inconsistent with other evidence, rather than lacking in support by objective medical evidence; that the ALJ's assigning "controlling weight" to the opinions of Ms. Stouder and Dr. Tallon failed to acknowledge the opinions' inconsistency with Dr. Bundza's opinion; and that the ALJ may have selectively reviewed Ms. Stouder's opinion.[1] (Order 16 n.6.) None of these deficiencies, however, rise to the level that the Commissioner was unreasonable in defending them, particularly given that "the level of articulation required [by the ALJ] is far from precise." *Stein v. Sullivan,* 966 F.2d 317, 319 (7th Cir. 1992). Therefore, the Commissioner was substantially justified in defending them.

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). Here, though the Commissioner was substantially justified in defending against Peevy's attack on the medical

---

[1] Since a remand was warranted on other grounds, the Court performed only a cursory review of Peevy's argument concerning these medical opinions, which it set forth in a footnote in the Order, and encouraged the Commissioner to revisit these opinions upon remand. (Order 16 n.6.)

5

opinions of record, the ALJ ignored judicial precedent, *see Stewart*, 561 F.3d at 684, when he (1) heavily relied upon Peevy's noncompliance with medication in discounting her credibility absent an inquiry as to why she failed to comply, and (2) incorporated the failure-to-follow-treatment regulation in his decision without adequate explanation and without inquiry into her noncompliance. Numerous courts have concluded that the Commissioner was not substantially justified in defending an ALJ's decision where the ALJ failed to follow Social Security Ruling 96-7p. *See Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 952 (E.D. Wis. 2003) (collecting cases).

In light of the clear line of precedent concerning these matters, the Commissioner has failed to carry its burden of establishing that its defense of the ALJ's decision was substantially justified as whole.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was not substantially justified as a whole. Therefore, Peevy's motion (Docket # 25) and supplemental motion for attorney's fees (Docket # 30) in the amount of $ 4,761.30 are GRANTED.

SO ORDERED.

Enter for July 20, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge